

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MORAD GHODOOSHIM, Individually and on Behalf of All Other Persons Similarly Situated, | : : : | **Civil Action No.:** |
| Plaintiff(s), | : : | **JURY TRIAL DEMANDED** |
| v. | : : : | |
| QIAO XING MOBILE COMMUNICATION COMPANY, LTD., ZHI YANG WU, RUI LIN WU, DAVID LI, and KOK SEONG TAN, | : : : : | |
| Defendants. | : : | |



### CLASS ACTION COMPLAINT

Plaintiff Morad Ghodooshim ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Qiao Xing Mobile Communication Company, Ltd. ("Qiao Xing Mobile" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased Qiao Xing Mobile securities between September 10, 2010 and May 2, 2012, both dates inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against the Company and certain of its top officials.

2.     Qiao Xing Mobile manufactures and sells mobile handsets.

3.     On April 30, 2012, the Company disclosed that it would not be able to file its annual report for the year ended December 31, 2011 "due to delays in obtaining certain required documents and information necessary for its public accounting firm to complete their audit procedures in a timely manner."

4.     On May 2, 2012, the Company announced the immediate resignation of its Chief Financial Officer.  On this news Qiao Xing Mobile shares declined $0.20 per share or 29%, to close at $0.48 per share.

5.     On May 17, 2012, the NYSE delisted Qiao Xing Mobile shares.  When the stock started trading on over-the-counter market the next day, the stock declined $0.33 per share or nearly 69%, to close at $0.15 per share on May 18, 2012.

6.     On June 7, 2012, the NYSE notified the SEC of its intention to remove Qiao Xing Mobile shares from listing and registration on the NYSE as of June 18, 2012 after determining "that the Company no longer meets the standards for continued listing on the NYSE."

7.     Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business,

operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company was unable to provide the investing public with accurate and current information regarding its current financial results, operations or governance; (2) the Company lacked adequate internal and financial controls; and (3) as a result of the foregoing, the Company's statements were materially false and misleading at all relevant times.

8.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

9.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

10.     This Court has jurisdiction over the subject matter of this action pursuant to § 27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

11.     Venue is proper in this District pursuant to § 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b) as Qiao Xing Mobile's principal place of business is located within this District.

12.     In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

13.     Plaintiff, as set forth in the attached Certification, purchased Qiao Xing Mobile securities at artificially inflated prices during the Class Period and has been damaged as a result of the revelation of the Company's fraud.

14.     Defendant Qiao Xing Mobile is a British Virgin Islands corporation, with its principal place of business located at 10th Floor, CEC Building, 6 Zhongguancan South Street, Beijing 10086, People's Republic of China.   The company's registered office in the British Virgin Islands is at Romasco Place, Wickhams Cay 1, P.O. Box 3140, Road Town, Tortola, British Virgin Islands.   Qiao Xing Mobile's common stock traded on the New York Stock Exchange ("NYSE") under the ticker symbol "QXM."

15.     Defendant Zhi Yang Wu ("Z. Wu") has served as the Company's Chairman of the Board of Directors ("Board") throughout the Class Period.   Defendant Z. Wu has served as the Company's Chief Executive Officer ("CEO") since December 21, 2010.   Defendant Z. Wu is the eldest son of Defendant R. Wu.

16.     Defendant Rui Lin Wu ("R. Wu") at all relevant times served as the Company's Vice Chairman of the Board.   Defendant R. Wu is the father of Defendant Z. Wu.

17.     Defendant David Li ("Li") served as the Company's CEO until his resignation on December 21, 2010.   During the Class Period, Defendant Li served as the general manager of Research & Development Department of CEC Telecom Co. Ltd. ("CECT"), a subsidiary of the Company.

18.     Defendant Kok Seong Tan ("Tan"), at all relevant times, served as the Company's Chief Financial Officer ("CFO") until his resignation on May 2, 2012.

4

19.     The defendants referenced above in ¶¶ 15 - 18 are sometimes referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

20.     The Company is a wholly owned subsidiary of Qiao Xing Universal Resources Inc. ("Qiao Xing Universal"), a public company formerly listed on the Nasdaq Global Market. Qiao Xing Universal currently owns approximately 60.7% of the Company's outstanding shares. Qiao Xing Universal's ultimate major shareholder, Defendant R. Wu was the CEO and Chairman of Qiao Xing Universal until November 21, 2011.  Defendant Z. Wu has served as Qiao Xing Universal's Chairman and CEO since November 21, 2011.  Prior to Defendant Z. Wu's appointment as Qiao Xing Universal's Chairman and CEO, he served as Qiao Xing Universal's Vice Chairman.

21.     Qiao Xing Mobile is a domestic manufacturer of mobile handsets in China. The Company manufactures and sells mobile handsets based primarily on the GSM global cellular technologies. The Company operates its business primarily through CECT, its 96.6% owned subsidiary in China.  The Company develops, produces and markets a wide range of mobile handsets, with increasing focus on differentiated products which generally generate higher profit margins.

### Materially False and Misleading
### Statements Issued During the Class Period

22.     On September 10, 2010, the Company issued a press release announcing its financial results for the six months ended June 30, 2010.  For the first six months in 2010, the Company reported net loss of RMB67.6 million, or (RMB1.53) diluted earnings per share

("EPS") and revenue of RMB324 million, as compared to a net loss of RMB59.2 million, or (RMB1.30) diluted EPS and revenue of RMB1 billion for the same period a year ago.

23.     On December 7, 2010, the Company issued a press release announcing its financial results for the third quarter ended September 30, 2010.  For the third quarter, the Company reported net loss of RMB54.1 million, or (RMB1.00) diluted EPS and revenue of RMB286 million, as compared to net loss of RMB84 million, or (RMB1.76) diluted EPS and revenue of RMB410.7 million for the same period a year ago.

24.     On June 30, 2011, the Company filed an annual report for the year ended December 31, 2010 on a Form 20-F with the SEC, which was signed by Defendant Z. Wu.  For the year, the Company reported a net loss of RMB371.2 million, or (RMB6.85) diluted EPS and revenue of RMB855.5 million, as compared to a net loss of RMB250 million, or (RMB5.21) diluted EPS and revenue of RMB1.6 billion, for the same period a year ago.  In addition, the Form 20-F contained signed certifications by Defendants Z. Wu and Tan, stating that the financial information contained in the Form 20-F was accurate and had disclosed any material changes to the Company's internal control over financial reporting.

25.     On November 30, 2011, the Company issued a press release announcing financial results for the six months ending June 30, 2011.  For the first half of 2011, the Company reported net loss of RMB154 million, or (RMB2.63) diluted EPS and revenue of RMB238.6 million, as compared to net loss of RMB67.6 million, or (RMB1.53) diluted EPS and revenue of RMB324 million for the same period a year ago.

26.     On December 12, 2011, the Company issued a press release announcing the appointment of Crowe Horwath (HK) CPA Limited as its independent registered public accounting firm, replacing Crowe Horwath LLP.

27.    The statements referenced in ¶¶ 22 - 25 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts, which were known to defendants or recklessly disregarded by them, including that(1) the Company was unable to provide the investing public with accurate and timely information regarding its current financial results, operations or governance; (2) the Company lacked adequate internal and financial controls; and (3) as a result of the foregoing, the Company's statements were materially false and misleading at all relevant times.

## THE TRUTH BEGINS TO EMERGE

28.    On January 9, 2012, the Company disclosed that it had received a letter from the NYSE on December 15, 2011 "stating that the average closing price of the Company's security had been less than $1.00 over a consecutive 30-trading-day-period", putting the Company's stock below NYSE's minimum share price for listing on the exchange.

29.    On April 16, 2012, NASDAQ halted trading of Qiao Xing Universal stock at $0.635 per share due to its failure to fully satisfy "NASDAQ's request for additional information."

30.    On this news, Qiao Xing Mobile stock declined $0.14 per share or nearly 15%, to close at $0.80 per share.

31.    On April 20, 2012, after the market closed, Qiao Xing Universal disclosed "that its Audit Committee determined to commence an internal investigation into a transfer of funds from a Company subsidiary's bank account to an account controlled by the Company's former Chairman, Wu Rui Lin, in June 2011." Qiao Xing Universal also disclosed the following:

> The transaction was undertaken without notice or approval of the Audit Committee or Board of Directors, and the transaction was recently reported to the Audit Committee in connection with the preparation of the Company's year-end financial statements. The Audit Committee has ordered immediate return of the

funds. In addition, the Company informed NASDAQ and the U.S. Securities and Exchange Commission (the "SEC") of the matter under investigation and will promptly report its findings back to NASDAQ and the SEC. The Audit Committee also decided to review certain transactions involving the pledge or transfer of Company assets and to confirm cash balances of the Company's bank accounts. NASDAQ has suspended trading in XING's stock as of April 16, 2012.

Also, XING announced that Dr. Edward Tsai, director and Chairman of the Audit Committee, has resigned as of April 18, 2012. Dr. Tsai's resignation is occasioned by his disagreement with the other directors of the Company on the conduct of the internal investigation referred to above. XING would like to thank Dr. Tsai for his service and regrets the loss of his contributions to the board.

32. On this news, Qiao Xing Mobile stock declined $0.115 per share or nearly 14%, to close at $0.71 per share on April 23, 2012.

33. On April 30, 2012, the Company filed a Form NT 20-F with the SEC the following in relevant part:

The Registrant is unable to file its Annual Report on Form 20-F for the year ended December 31, 2011 within the prescribed time period due to delays in obtaining certain required documents and information necessary for its public accounting firm to complete their audit procedures in a timely manner. As a result of this delay, the Registrant is unable to file its Annual Report on Form 20-F within the prescribed time period without unreasonable effort or expense. The Registrant represents that the Form 20-F will be filed within the period described under Rule 12b-25(b)(2)(ii).

34. On May 2, 2012, the Company announced the resignation of Defendant Tan as its CFO, effective immediately.

35. On this news, Qiao Xing Mobile shares declined $0.20 per share or 29%, to close at $0.48 per share.

36. A few minutes before the market closed on May 2, 2012, Qiao Xing shares were halted from trading by the NYSE.

37. On May 17, 2012, the NYSE suspended trading of the Company's shares. The next day, Qiao Xing Mobile shares began trading on the over-the-counter market.

38.    On this news, the Qiao Xing Mobile shares declined $0.33 per share or nearly 69%, to close at $0.15 per share on May 18, 2012 on over the counter trading.

39.    On June 7, 2012, the NYSE filed a Form 25-NSE with the SEC, notifying the SEC of its intention to remove Qiao Xing Mobile shares from listing and registration on the NYSE at the opening of business on June 18, 2012 after determining "that the Company no longer meets the standards for continued listing on the NYSE in accordance with Section 802.01D of the NYSE Listing Company Manual." The NYSE further disclosed the following in relevant part:

1. Pursuant to Section 802.01D of the Listed Company Manual, a listed company is subject to delisting when the company or its management engages "in operations which, in the opinion of the Exchange, are contrary to the public interest," when the company fails to "observe good accounting practices in reporting of earnings and financial position," when the company violates any of its listing agreements with the Exchange or when the company engages in "[o]ther conduct not in keeping with sound public policy." The Company has triggered application of these provisions based on the following:

(a) On May 2, 2012, the Company announced that its CFO had resigned for personal reasons effectively immediately. The Company has not responded to NYSE Regulation's request for additional information regarding the reasons for the CFO's resignation or supplied any clarifying or mitigating information.

(b) On May 8, 2012 NYSE Regulation learned that the Company's independent public accounting firm had resigned. The Company did not publicly disclose the auditor's resignation as required by Section 202.05 of the Listed Company Manual. Further, the Company did not provide formal notice of the resignation to the NYSE as required by Section 204.03 of the Listed Company Manual. The Company has not disclosed or advised NYSE Regulation whether a new independent public accounting firm has been retained or whether and when one is expected to be retained.

(c) In violation of its listing agreement with the NYSE, the Company has failed to provide information reasonably requested by NYSE Regulation within a reasonable time frame and not responded to outstanding NYSE Regulation requests for information.

(d) The Company failed to file its Form 20-F by the conclusion of the extension period provided by its Form NT 20-F filing of May 15, 2012 or thereafter. To

date, the Company has not provided any information or made any disclosure relating to the fact of or reason(s) for the ongoing delay in filing its Form 20-F.

(e) The Company has not publicly disclosed or provided NYSE Regulation with any reliable up-to-date information about its current financial results, operations or governance, nor has it made the public disclosures regarding material developments at the Company required by Section 202.05 of the Listed Company Manual.

2. The Exchange, on May 17, 2012, determined that the Ordinary Shares should be suspended from trading immediately after the close of trading session on May 17, 2012, and directed the preparation and filing with the Commission of this application for the removal of the ordinary shares from listing and registration on the Exchange. The Company was notified of the Exchange's delisting determination by letter on May 17, 2012.

3. Pursuant to the above authorization, a press release was issued on May 17, 2012 and an announcement was made on the 'ticker' of the Exchange at the close of the trading session on May 17, 2012 of the suspension of trading in the Ordinary Shares. Similar information was included on the Exchange's website. Trading in the Ordinary Shares in the Exchange was suspended at the close of the trading session on May 17, 2012.

4. The Company had a right to appeal to the Committee for Review of the Board of Directors of NYSE Regulation the determination to delist its Ordinary Shares, provided that it filed a written request for such a review with the Secretary of the Exchange within ten business days of receiving notice of delisting determination. The prescribed time for the Company to file an appeal has expired and the Company has not submitted an appeal request within the prescribed time period. Accordingly, the Exchange, having complied with all of its procedures, is authorized to file this application in accordance with Section 12 of the Securities Exchange Act of 1934 and the rules promulgated thereunder.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Qiao Xing Mobile securities during the Class Period (the "Class"); and were damaged thereby. Excluded from the Class are defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal

representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

41.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Qiao Xing Mobile securities were actively traded on the NYSE.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Qiao Xing Mobile or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

42.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

43.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

44.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by defendants' acts as alleged herein;

- whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Qiao Xing Mobile;

- whether the Individual Defendants caused Qiao Xing Mobile to issue false and misleading financial statements during the Class Period;

- whether defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Qiao Xing Mobile securities during the Class Period were artificially inflated because of the defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

45.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

46.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Qiao Xing Mobile securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NYSE and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased and Qiao Xing Mobile securities between the time the defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

47.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

## COUNT I

### (Against All Defendants For Violations of
### Section 10(b) And Rule 10b-5 Promulgated Thereunder)

48.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

49.     This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

50.     During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Qiao Xing Mobile securities; and (iii) cause Plaintiff and other members of the Class to purchase Qiao Xing Mobile securities and options at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

51.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Qiao Xing Mobile securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Qiao Xing Mobile's finances and business prospects.

52.     By virtue of their positions at Qiao Xing Mobile, defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants.  Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth.  In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

53.     Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control.  As the senior managers and/or directors of Qiao Xing Mobile, the Individual Defendants had knowledge of the details of Qiao Xing Mobile's internal affairs.

54.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual

Defendants were able to and did, directly or indirectly, control the content of the statements of Qiao Xing Mobile.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Qiao Xing Mobile's businesses, operations, financial condition and prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Qiao Xing Mobile securities was artificially inflated throughout the Class Period.  In ignorance of the adverse facts concerning Qiao Xing Mobile's business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased Qiao Xing Mobile securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by defendants, and were damaged thereby.

55.     During the Class Period, Qiao Xing Mobile securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased shares of Qiao Xing Mobile securities at prices artificially inflated by defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased said securities, or would not have purchased them at the inflated prices that were paid.  At the time of the purchases by Plaintiff and the Class, the true value of Qiao Xing Mobile securities were substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of Qiao Xing Mobile securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

56.     By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

57.     As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages.

## COUNT II

### (Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)

58.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

59.     During the Class Period, the Individual Defendants participated in the operation and management of Qiao Xing Mobile, and conducted and participated, directly and indirectly, in the conduct of Qiao Xing Mobile's business affairs.  Because of their senior positions, they knew the adverse non-public information about Qiao Xing Mobile's false financial statements.

60.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Qiao Xing Mobile's financial condition and results of operations, and to correct promptly any public statements issued by Qiao Xing which had become materially false or misleading.

61.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Qiao Xing Mobile disseminated in the marketplace during the Class Period concerning Qiao Xing Mobile's results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Qiao Xing Mobile to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were

16

"controlling persons" of Qiao Xing Mobile within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Qiao Xing Mobile securities.

62.     Each of the Individual Defendants, therefore, acted as a controlling person of Qiao Xing Mobile. By reason of their senior positions, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Qiao Xing Mobile to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of Qiao Xing Mobile and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

63.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Qiao Xing Mobile.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.     Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: December 19, 2012

POMERANTZ   GROSSMAN   HUFFORD
DAHLSTROM & GROSS LLP

Marc I. Gross
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
migross@pomlaw.com
jalieberman@pomlaw.com

**POMERANTZ   GROSSMAN   HUFFORD
DAHLSTROM & GROSS LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*

18

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1. I, _MORAD GHODOOSHIM_, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2. I have reviewed a Complaint against Qiao Xing Mobile Communication Company Ltd. ("Qiao Xing Mobile" or the "Company"), and authorize the filing of a comparable complaint on my behalf.

3. I did not purchase or acquire Qiao Xing Mobile securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4. I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired Qiao Xing Mobile securities during the class period, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5. To the best of my current knowledge, the attached sheet lists all of my transactions in Qiao Xing Mobile securities during the Class Period as specified in the Complaint.

6. During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7. I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.   I declare under penalty of perjury that the foregoing is true and correct.

Executed ___12/14/2012___
            (Date)

_____
            (Signature)

___Morad Ghodonshim___
     (Type or Print Name)

**QIAO XING MOBILE COMM**          **Ghodooshim, Morad/Dora**

## LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHS/UTS | PRICE PER SH/UT |
|------|------------------|-------------------|------------------|
| 12/13/2010 | PUR | 500 | $3.5606 |
| 12/13/2010 | PUR | 1,000 | $3.5606 |
| 12/13/2010 | PUR | 100 | $3.5606 |
| 12/13/2010 | PUR | 100 | $3.5606 |
| 12/13/2010 | PUR | 1,600 | $3.5616 |
| 12/13/2010 | PUR | 1,900 | $3.5616 |
| 12/13/2010 | PUR | 1,500 | $3.5616 |
| 12/30/2010 | PUR | 4,007 | $4.3800 |
| 12/30/2010 | PUR | 993 | $4.3816 |
| 12/30/2010 | PUR | 200 | $4.4500 |
| 12/30/2010 | PUR | 200 | $4.4700 |
| 12/30/2010 | PUR | 300 | $4.4800 |
| 12/30/2010 | PUR | 5,000 | $4.4800 |
| 12/30/2010 | PUR | 800 | $4.5000 |
| 12/30/2010 | PUR | 500 | $4.5100 |
| 01/05/2011 | PUR | 2,830 | $4.7100 |
| 01/05/2011 | PUR | 5,000 | $4.7100 |
| 01/05/2011 | PUR | 600 | $4.7100 |
| 01/05/2011 | PUR | 1,400 | $4.7100 |
| 01/05/2011 | PUR | 170 | $4.7200 |
| 01/05/2011 | PUR | 50 | $4.9000 |
| 01/05/2011 | PUR | 4,950 | $4.9100 |
| 01/07/2011 | PUR | 5,000 | $5.2500 |
| 01/07/2011 | PUR | 3,000 | $5.2700 |
| 01/07/2011 | PUR | 1,000 | $5.2700 |
| 01/07/2011 | PUR | 200 | $5.2700 |
| 01/07/2011 | PUR | 100 | $5.2700 |
| 01/07/2011 | PUR | 700 | $5.2804 |
| 01/10/2011 | PUR | 200 | $5.1700 |
| 01/10/2011 | PUR | 388 | $5.2000 |
| 01/10/2011 | PUR | 1,500 | $5.2042 |
| 01/10/2011 | PUR | 300 | $5.2065 |
| 01/10/2011 | PUR | 2,300 | $5.2200 |
| 01/10/2011 | PUR | 100 | $5.2219 |
| 01/10/2011 | PUR | 2,600 | $5.2219 |
| 01/10/2011 | PUR | 5 | $6.7600 |
| 02/08/2011 | PUR | 5,000 | $4.7600 |
| 02/23/2011 | PUR | 5,000 | $4.3800 |

QIAO XING MOBILE COMM                    Ghodooshim, Morad/Dora

## LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHS/UTS | PRICE PER SH/UT |
|------|------------------|-------------------|-----------------|
| 03/02/2011 | PUR | 5,000 | $4.5200 |
| 04/04/2011 | PUR | 5,000 | $4.1800 |
| 04/07/2011 | PUR | 5,000 | $3.3800 |
| 04/07/2011 | PUR | 4,500 | $3.5700 |
| 04/07/2011 | PUR | 500 | $3.5800 |
| 04/08/2011 | PUR | 5,000 | $3.1200 |
| 04/14/2011 | PUR | 1,161 | $3.0900 |
| 04/14/2011 | PUR | 500 | $3.1000 |
| 05/11/2011 | PUR | 1,200 | $2.6400 |
| 05/31/2011 | PUR | 1,300 | $2.8100 |
| 05/31/2011 | PUR | 2,000 | $2.8100 |
| 06/06/2011 | PUR | 200 | $2.7800 |
| 06/06/2011 | PUR | 400 | $2.8000 |
| 06/15/2011 | PUR | 800 | $2.4900 |
| 06/15/2011 | PUR | 1,100 | $2.4900 |
| 06/15/2011 | PUR | 100 | $2.5700 |
| 07/01/2011 | PUR | 4,000 | $3.2700 |
| 08/04/2011 | SLD | 100 | $1.6304 |
| 08/04/2011 | SLD | 200 | $1.7096 |
| 08/04/2011 | SLD | 300 | $1.7096 |
| 08/04/2011 | SLD | 2,300 | $1.7099 |
| 08/04/2011 | SLD | 2,600 | $1.7100 |
| 08/04/2011 | SLD | 1,500 | $1.7101 |
| 08/04/2011 | SLD | 100 | $1.7304 |
| 08/04/2011 | SLD | 1,000 | $1.7520 |
| 08/04/2011 | SLD | 500 | $1.7600 |
| 08/04/2011 | SLD | 1,500 | $1.7668 |
| 08/04/2011 | SLD | 993 | $1.7668 |
| 08/04/2011 | SLD | 1,600 | $1.8100 |
| 08/04/2011 | SLD | 1,900 | $1.8100 |
| 08/04/2011 | SLD | 100 | $1.8100 |
| 09/19/2011 | PUR | 1,300 | $1.3600 |
| 09/19/2011 | PUR | 2,000 | $1.3600 |
| 11/23/2011 | SLD | 100 | $0.9899 |
| 11/23/2011 | SLD | 200 | $0.9900 |
| 11/23/2011 | SLD | 1,000 | $0.9900 |
| 11/23/2011 | SLD | 3,000 | $0.9900 |
| 11/23/2011 | SLD | 700 | $0.9900 |

**QIAO XING MOBILE COMM**                **Ghodooshim, Morad/Dora**

### LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHS/UTS | PRICE PER SH/UT |
|------|------|------|------|
| 02/03/2012 | PUR | 2,946 | $1.2000 |
| 04/23/2012 | PUR | 1,800 | $0.6900 |
| 04/23/2012 | PUR | 4,900 | $0.7000 |
| 04/23/2012 | PUR | 100 | $0.7800 |
| 05/02/2012 | PUR | 10,000 | $0.4700 |

qiao                                                                                    ghodooshim