UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORAD GHODOOSHIM, Individually and on Behalf of All Other Persons Similarly Situated, | No. 12 Civ. 9264 (JSR) <br> **ECF Case** |
| Plaintiff(s), | |
| v. | |
| QIAO XING MOBILE COMMUNICATION COMPANY, LTD., ZHI YANG WU, RUI LIN WU, DAVID LI, and KOK SEONG TAN, | |
| Defendants. | |

**AFFIDAVIT OF MURIELLE J. STEVEN WALSH IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND DEFAULT JUDGMENT**

STATE OF NEW YORK    )
                                        )  ss:
COUNTY OF NEW YORK  )

Pursuant to the requirements of Local Rule 55.2, the undersigned affiant testifies under oath to the following facts:

1.  I am a partner in the law firm of Pomerantz Grossman Hufford Dahlstrom & Gross LLP ("Pomerantz Firm"), attorneys for Lead Plaintiff Morad Ghodooshim ("Lead Plaintiff") and the proposed Class (collectively, "Plaintiffs") in the above-captioned action. I am familiar with the facts and circumstances in this action. I submit this declaration in support of Lead Plaintiff's Motion for Class Certification and Default Judgment against Defendant Qiao Xing Mobile Communication Company, Ltd. ("QXM" or the "Company").

**Motion For Default Judgment**

2.      The Class Action Complaint ("Complaint") in this action was filed on December 19, 2012. (Dkt. No. 1). The Complaint named Defendant QXM as a defendant, (¶14),[1] and asserted claims against Defendant QXM for violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), for the Class Period of September 10, 2010 through May 2, 2010. (¶¶1, 48-57). A copy of the Complaint is attached hereto as Exhibit A.

3.      By his Complaint, Lead Plaintiff sought judgments as follows: (1) a determination of whether the action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Lead Plaintiff as the Class representative; (2) requiring defendants to pay damages sustained by Lead Plaintiff and the Class; (3) awarding Lead Plaintiff and the other members of the Class prejudgment and postjudgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and (4) awarding such other and further relief as this Court may deem just and proper.

4.      The summons and Complaint in this action was served upon Defendant QXM through service upon its registered agent on January 22, 2013. (Dkt. No. 12). A copy of the summons and affidavit of service is attached hereto as Exhibit B.

5.      Defendant QXM has failed to answer the Complaint or otherwise plead or defend in this action and its time in which to do so has expired.

6.      Defendant QXM is a corporation, and not an infant, incompetent, or in the military service of the United States.

---

[1] Unless otherwise stated, all references to "¶__" are to paragraphs in the Complaint.

7. The Certificate of Default signed and stamped by the Clerk of the Court with respect to Defendant QXM is attached hereto as Exhibit C. (*See* Dkt. No 17). A proposed form of Default Judgment is attached hereto.

8. A default judgment is warranted. As detailed above, Defendant QXM has willfully failed to respond to the Complaint in any way, despite being properly served with the Complaint. Moreover, since the Company has not filed an answer, there is no evidence of any defense.

9. Lead Plaintiff has retained the services of Kenneth N. Kotz to provide an estimate of potential damages under Section 10(b) of the Exchange Act during the Class Period. *See* Declaration of Kenneth N. Kotz in Support of Lead Plaintiff's Motion for Class Certification and Default Judgment ("Kotz Decl."), ¶1.

10. Mr. Kotz has estimated that, based on the total number of shares held by public investors prior to the first alleged corrective disclosures, and then excluding an estimate of shares held prior to the Class Period by institutional filers that had not sold prior to the first alleged corrective disclosure, the aggregate damages are approximately $15,756,978. Kotz Decl. ¶3(b), 27-31.

11. Lead Plaintiff respectfully requests that the Court enter a default judgment against Defendant QXM for fifteen million, seven hundred fifty-six thousand, nine hundred seventy-eight dollars ($15,756,978).

## Other Exhibits

12. Exhibit D is a table showing the weekly volume of QXM common stock traded for the period September 13, 2010 through April 27, 2012, and was created from data obtained

from Bloomberg. It excludes the data from the weeks ending September 10, 2010 and May 4, 2012, which contain days outside of the Class Period.

13. Exhibit E is a copy of the resume of the Pomerantz Firm.

14. Exhibit F is a table showing the closing price and daily returns of QXM shares and the NASDAQ OMX China Technology Index for the period September 8, 2010 through May 2, 2012, and was created from data obtained from Bloomberg.

15. Exhibit G is a true and correct copy of a press release entitled *Qiao Xing Universal Announces Proposal to Acquire All Outstanding Shares of Qiao Xing Mobile*, dated September 8, 2010.

16. Exhibit H is a true and correct copy of a press release entitled *QXM's Board Authorizes the Scheme of Arrangement Proposed by XING to be put Forward by the Company to its Minority Shareholders for Their Consideration*, dated January 6, 2011.

17. Exhibit I is a true and correct copy of a press release entitled *Qiao Xing Universal Resources Provides a Second Update on the Progress of the Proposed Privatization of Its Subsidiary*, dated January 6, 2011.

18. Exhibit J is a true and correct copy of QXM Form 6-K filed with the Securities and Exchange Commission ("SEC") on January 6, 2011.

19. Exhibit K is a true and correct copy of Qiao Xing Universal Resources Inc. Form 425 filed with the SEC on January 6, 2011.

20. Exhibit L is a true and correct copy of an article by Cristin Flanagan, entitled *Qiao Xing Mobile Says Proposal to Privatize Failed*, published on Bloomberg on April 7, 2011.

21. Exhibit M is a true and correct copy of a press release entitled *Proposal to Privatize QXM Fails*, dated April 7, 2011.

4

22.     Exhibit N is a true and correct copy of a press release entitled *Qiao Xing Universal Announces the Result of its Subsidiary's Court Meeting Regarding the Proposed Privatization*, dated April 7, 2011.

23.     Exhibit O is a true and correct copy of a press release entitled *NASDAQ Halts Qiao Xing Universal Resources, Inc.*, dated April 16, 2012.

24.     Exhibit P is a true and correct copy of a press release entitled *Qiao Xing Universal Resources Announces Audit Committee Investigation and Director Resignation*, dated April 20, 2012.

25.     Exhibit Q is a true and correct copy of an article by Sarah Gill, entitled *Qiao Xing Probing Fund Transfer to Ex-Chairman's Account*, published on Bloomberg on April 20, 2012.

26.     Exhibit R is a true and correct copy of a Manufacturing Close-up article entitled *Manufacturing Close-Up: Qiao Xing Mobile Not Involved with Trading Halt in Qiao Xing Universal Resources*, dated April 23, 2012, and obtained from Bloomberg.

27.     Exhibit S is a true and correct copy of a Manufacturing Close-up article entitled *Manufacturing Close-Up: Qiao Xing Mobile Not Included in Trading Halt in Qiao Xing Universal Resources*, dated April 23, 2012 and obtained from Bloomberg.

28.     Exhibit T is a true and correct copy of a press release entitled *Qiao Xing Mobile Communication Co., Ltd. Announces Resignation of Chief Financial Officer*, dated May 2, 2012.

29.     Exhibit U is a true and correct copy of QXM Form 6-K filed with the SEC on May 2, 2012.

30.     Exhibit V is a table showing the dates, sources, and titles of news articles concerning QXM during September 10, 2010 through May 2, 2010, and downloaded directly from Bloomberg.

31. <u>Exhibit W</u> is a table showing the quarterly holdings of institutional investors of QXM common stock, expressed as a percentage of outstanding shares, for the quarters ending September 30, 2010 through June 30, 2012, created from data obtained from Thomson Reuters. As reflected in this table, the institutional investors held on average approximately 48% of the outstanding shares not held by insiders during these quarters.

**WHEREFORE**, Plaintiffs request the entry of Judgment by Default against Defendant QXM and for Class Certification in the form submitted to the Court.

I make the foregoing statements under oath and under penalty of perjury.

Dated: May 3, 2013
New York, New York

By _____
Murielle J. Steven Walsh

SUBSCRIBED AND SWORN TO before me this 3rd day of May, 2013.

_____
Notary Public in and for said County and State

My Commission Expires: _____

ELAINE F. GOODMAN
Notary Public - State of New York
Commission No. 01GO6277645
Qualified in New York County
My Commission Expires Mar. 11, 2017

6